### WILLS v. UNITED STATES.
### No. 6461.

Circuit Court of Appeals, Seventh Circuit.
May 27, 1938.

Val Nolan, U. S. Atty., of Indianapolis, Ind., Julius C. Martin, Director, Bureau of War Risk Litigation, of Washington, D. C., Wilbur C. Pickett, Sp. Asst. to Atty. Gen., and Keith L. Seegmiller, Attorney, Department of Justice, of Washington, D. C., for the United States.

Frank C. Wade, of Terre Haute, Ind., and David H. Padgett, of Vincennes, Ind., for appellee.

Before MAJOR and TREANOR, Circuit Judges, and LINDLEY, District Judge.

TREANOR, Circuit Judge.

This suit was brought to recover disability benefits under a contract of war risk term insurance which afforded protection from September 7, 1918, to January 31, 1919. Plaintiff relied upon maturity of the contract during the life of the policy by reason of disability incurred in December, 1918. Defendant's case on appeal turns entirely on the proposition that there was no substantial evidence that plaintiff became totally and permanently disabled during the life of his insurance contract.

The case was tried by the court without jury and after all the evidence had been introduced the defendant moved for judg-

ment on the ground that there was not sufficient evidence to support a judgment for plaintiff. Defendant's motion was overruled and judgment was entered in favor of the plaintiff. The Government has appealed and relies upon the alleged error of the District Court in overruling its motion for judgment.

The insured was hospitalized in December, 1917, at which time he was suffering from cough, pains in his chest, and weakness. Insured testified that at the date of his discharge, December 26, 1918, he was weak, had pleurisy, and was troubled with his heart and stomach. A complete physical examination made on January 10, 1919, disclosed that he was suffering from pulmonary tuberculosis, advanced beyond the incipient stage. The sputum test was positive. The doctor who made the examination testified that the insured remained in his care until 1920 and that the tubercular condition made no substantial improvement during that period. The witness further testified that he again examined the plaintiff with a thorough examination from August 27 to December 7, 1936, and that he then found the plaintiff suffering from chronic tuberculosis. In response to a hypothetical question the witness was of the opinion that the conditions and disabilities found in January of 1919 had been more or less constant during the intervening period; and further testified that work would make the insured worse and that if he should attempt to resume his pre-war occupation it would make his condition worse.

Insured testified that in January, 1921, he was examined for employment and that he saw the doctor's report which stated that the insured had active tuberculosis. In May, 1921, he was sent to a Government hospital where he remained ten days for treatment for tuberculosis. A specialist in diagnosis and X-ray testified that an examination of the plaintiff in 1925 revealed an advanced and active case of pulmonary tuberculosis. Another physician testified that he examined plaintiff in 1922; that plaintiff was bedfast five months of 1922, and had active tuberculosis. This witness also testified that he had seen plaintiff frequently since 1922 and had never seen him when he thought plaintiff was able to do a day's work at manual labor. In the opinion of the witness the plaintiff still had active tuberculosis at the time of the trial and the tuberculosis was advanced when the witness first examined plaintiff in 1922.

From the year 1922 to 1934 the plaintiff was examined by various Government doctors and the reports uniformly show the existence of "tuberculosis, pulmonary."

One of the Government's witnesses testified that he made a house visit to the plaintiff in 1930; that he thought the visit was made "following a pulmonary hemorrhage when the plaintiff was in bed with a temperature range from 101 to 102½." The witness also testified that on December 5, 1932, he found the plaintiff suffering from active pulmonary tuberculosis, moderately advanced. This witness also testified that in his opinion, under proper treatment, *there might be a possibility* for an arrest. This witness was of the opinion that plaintiff's condition might have extended as far back as 1920 or 1921 if plaintiff's sputum had been found positive at that time. He was of the opinion that work might reactivate inactive tuberculosis and that if one has a case of tuberculosis it is unsafe to perform labor. He testified that at the times he saw plaintiff the latter was absolutely incapacitated for work; and that while there might be an arrest of the tuberculosis, he did not think that plaintiff would ever be able to do any work. In his opinion a "person who had pulmonary tuberculosis active, generally has to baffle reactivation at any time and it is dependent thereon as to whether or not one suffering from active tuberculosis may *later engage in work of any kind.*"

The evidence discloses that the plaintiff performed manual labor at different times after his discharge from the army in 1918; but it is clear from the evidence that his physical condition during all that time was such that he performed manual labor at the risk of becoming completely incapacitated for the performance of further labor.

The evidence was sufficient to justify the inference that the plaintiff's condition from 1918 on was at all times such that he was unable to make the physical exertion which it was necessary for him to make in order to earn any appreciable income. And the evidence reasonably justified the conclusion that such condition would continue. The following statements in an opinion of the Supreme Court aptly apply:

"The phrase 'total permanent disability' is to be construed reasonably and having regard to the circumstances of each case. * * * The various meanings inhering in the phrase make impossible the ascertainment of any fixed rules or formulæ uniformly to govern its construction. That

which sometimes results in total disability may cause slight inconvenience under other conditions. Some are able to sustain themselves, without serious loss of productive power, against injury or disease sufficient totally to disable others."

" 'Total disability' does not mean helplessness or complete disability, but it includes more than that which is partial. 'Permanent disability' means that which is continuing as opposed to what is temporary." Lumbra v. United States, 290 U.S. 551, pages 558, 559, and 560, 54 S.Ct. 272, 275, 78 L.Ed. 492.

In our opinion there was substantial evidence to support a finding and judgment for the plaintiff. The judgment of the District Court is

Affirmed.